## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **DEBRA DOLLERY, on behalf of** | § | |
| **herself and all others similarly situated,** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION** |
| | § | |
| **v.** | § | **CASE NO. 6:18-cv-00104** |
| | § | |
| **POST ACUTE MEDICAL, LLC, POST** | § | **JURY TRIAL DEMANDED** |
| **ACUTE MEDICAL MANAGEMENT,** | § | |
| **LLC, and POST ACUTE MEDICAL** | § | |
| **AT VICTORIA, LLC** | § | |
| | § | |
| *Defendants.* | § | |

## <u>INTRODUCTION</u>

1.      Plaintiff Debra Dollery ("Plaintiff") brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for Post Acute Medical, LLC, Post Acute Medical Management, and Post Acute Medical at Victoria, LLC (collectively "Defendants" or "Post Acute") as nurses, nurse aides, nurse assistants, and other non-exempt hourly employees[1] who were subject to an automatic time deduction for meal periods at any time beginning three years before the filing of this complaint until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated nurses have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied bona fide meal periods. This case implicates the longstanding policy of Post Acute, which fails to properly compensate non-exempt employees for work during meal periods and for work performed while "off-the-clock."

2.      Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "nursing staff" interchangeably in referencing any of these similarly situated employees.

benefits the employee. Defendants do not provide bona fide meal periods for its nurses who are responsible for patient care. Nurses who work for Defendants are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Instead of making nurses clock out for their meal periods then clock back in at the end of a meal period, Defendants assume nurses were able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Nonetheless, Defendants deduct 30 minutes from nurses' shifts for a meal period, when in fact nurses remain on duty and are continuously subject to interruption during that time. Defendants instituted policies and practices that result in nurses being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.

3. Defendants' policies and practices result in nurses being denied wages due under the Fair Labor Standards Act and Texas common law. Under this policy, non-exempt nurses involved in direct patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendants continue to require nurses responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4. Defendants violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on duty during their meal breaks, subjecting them to interruptions during their meal breaks. Plaintiff and Collective and Class members also performed work before clocking in and after clocking out for which they were not compensated. Defendants had notice that Plaintiff and Collective and Class members expected to be paid for their work on an hourly basis. Defendants received the value of Plaintiff and Collective and Class members' work performed during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for work performed.

5. Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the putative Class members, be paid at

one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6.       Defendants' conduct violated and continues to violate Texas state law because Defendants' conduct constitutes wage theft, as that term is understood under Texas common law.

7.       In addition, Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff and Collective and Class members perform this off-the-clock work, but does not to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Texas state law.

8.       Therefore, Plaintiff files this action to recover on behalf of herself and Class and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Collective and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

9.       This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendants reside in this judicial district and are subject to personal jurisdiction here.

## PARTIES

11.      Plaintiff Debra Dollery is an individual residing in Victoria, Texas. Ms. Dollery was employed as a nurse by Defendants at the Post Acute Specialty Hospital of Victoria North from August 2013 to May 2018.

12.     The FLSA Collective Class members are people who are or who have been employed by Defendants as nurses, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the United States that have been subject to an automatic time deduction by Defendants within the three years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

13.     The Texas Class members are people who are or who have been employed by Defendants as nurses, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the State of Texas that have been subject to an automatic time deduction by Defendants within the four years preceding the filing of this Complaint.

14.     Defendant Post Acute Medical, LLC is a foreign limited liability company with its principal location in Enola, Pennsylvania. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Austin, Texas 78701.

15.     Defendant Post Acute Medical Management, LLC is a foreign limited liability company with its principal location in Enola, Pennsylvania. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Austin, Texas 78701.

16.     Defendant Post Acute Medical at Victoria, LLC, is a foreign limited liability company with its principal location in Enola, Pennsylvania. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 East 7th Street, Suite 620, Austin, Texas 78701.

17.     Defendants jointly own and operate specialty hospitals throughout Texas and the United States.

18.     At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

19.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

-4-

20.    Plaintiff and Collective and Class members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

21.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22.    Defendants acted as joint employers of Plaintiff and Collective and Class members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

23.    Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

24.    In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

25.    At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

26.    Defendants operate a network of specialty hospitals and clinics that provide healthcare services across the United States, including medical care facilities located in Texas, Louisiana, Oklahoma, Nevada, Kansas, Wisconsin, Pennsylvania, and Delaware.

27.    Defendants employ hundreds of hourly non-exempt workers across these medical facilities.

28.    Defendants employ a payroll policy of not compensating hourly-paid nursing staff for work performed during their on-premises meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. Nursing staff are superficially given the option to clock out for lunch if they leave Post Acute's premises for their meal break, but in

reality this rarely occurs due to the high demands of patient care. If a nursing staff member does not manually clock out and leave the premises for their meal break, Post Acute applies the automatic time deduction policy. This policy applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care.

29.     Interruptions occur in multiple ways. One way in which Defendants encourage interruptions is by requiring nursing staff to carry an electronic communication device with them during their shifts so they may receive calls/requests from their patients and hospital personnel. Nursing staff are required to respond to these calls.

30.     In practice, nursing staff who remain on premises during their meal periods are not permitted to take a 30-minute uninterrupted and bona fide meal break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal or rest break while on premises, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nurses and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

31.     Plaintiff was employed by Defendants as a licensed vocational nurse in the Post Acute Medical Victoria North location during the last three (3) years. Plaintiff worked as a non-exempt nurse for Defendants between August 2013 through May 2018, and her regular hourly rate of pay was $22.50 per hour during her employment. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring blood-work and patient test results, and responding to emergency situations. Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest breaks, and in fact was interrupted or denied meal and rest breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

32.     Plaintiff's and Collective and Class members' "off-the-clock" work included restocking supplies, preparing and organizing equipment, monitoring patients, assisting other

hospital staff, charting, and performing other various tasks performed before clocking in and after clocking out for the day. Plaintiff and Collective and Class members were not compensated for this work performed outside of their recorded hours.

33.     Collective and Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

34.     Plaintiff and Collective and Class members report to a hospital or clinical facility owned, operated, or managed by Defendants to perform their jobs.

35.     Plaintiff and Collective and Class members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

36.     Plaintiff and Collective and Class members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

37.     At the end of each pay periods, Plaintiff and Collective and Class members receive wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

38.     Defendants pays Plaintiff and Collective and Class members on an hourly rate basis.

39.     Plaintiff work more than forty hours in at least one workweek during the three years before this Complaint was filed.

40.     Each FLSA Collective members worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 12 to 13 hours each shift and between 48 and 52 hours per week.

41.     Each Class members worked more than forty hours in at least one workweek during the four years before this Complaint was filed.

42.     When Plaintiff and Collective and Class members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate due to their failure to include time worked during meal periods and "off-the-clock" work in the total hours

of worked in a given work week. This unpaid time is compensable under the FLSA because (1) Plaintiff and Collective and Class members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal and rest periods due to work demands.

43.    Throughout the relevant time period, Defendants expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during any attempted on-premises meal or rest breaks. These 30-minute intervals of deducted time constitute compensable time under the FLSA, which requires that employers compensate employees for all time worked. They also constitute compensable time under Texas state law because (1) Defendants breached an implied agreement with Plaintiff and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or, in the alternative, (2) Defendants received and accepted the value of Plaintiff and Class Members' unpaid work with reasonable notice that Plaintiff and Class members expected to be paid for all hours worked, or, in the alternative, (3) Defendants have been unjustly enriched by receiving the benefits of Plaintiff's and Class Members' unpaid work.

44.    Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

45.    Defendants' method of paying Plaintiff and Collective and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or Texas law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

46.    Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistants or other employees with similar job duties employed by Defendants nationwide and subjected to an automatic time deduction policy during the time period three years prior to the**

**filing of the original Complaint until resolution of this action (the "Collective").**

47.    Defendants have not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

48.    Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by FLSA Class members.

49.    Plaintiff has actual knowledge that FLSA Class members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that FLSA Class members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

50.    Plaintiff is similarly situated to FLSA Class members. Like Plaintiff, Defendants subjected FLSA Class members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

51.    Other nursing staff similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nursing staff similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

52.    Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

53.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

54.     Collective members regularly work or have worked in excess of forty hours during a workweek.

55.     Collective members are not exempt from receiving overtime compensation under the FLSA.

56.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of Collective members.

57.     Although Plaintiff and Collective members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

   a.    Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

   b.    Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective and Collective members;

   c.    Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

   d.    Defendants controlled the meal break and rest break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

58.    The specific job titles or precise job responsibilities of each Class member does not prevent collective treatment.

59.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for interrupted, interruptible, or missed meal breaks.

60.    Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

61.    Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

62.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock."

63.    As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 1,000 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

64.    Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Texas Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to nurses, nursing aides, nursing assistant, or other employees with similar job duties employed by Defendants in Texas and subjected to an automatic time deduction policy at any time starting four years prior to the filing of this Complaint until resolution of this action.**

65.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

66.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Texas Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Texas Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Texas Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Texas Class and Defendants.

67.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Texas Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   i.    Whether Defendants had a policy and practice of requiring nurses to remain on duty during meal breaks by subjecting them to interruptions;

   ii.    Whether remaining available to tend to patient health and safety issues provides a valuable service to Defendants;

iii. Whether Defendants directed, required, requested, and/or permitted Plaintiff and Texas Class members to work during unpaid meal breaks;

iv. Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed during unpaid meal breaks;

v. Whether Defendants directed, required, requested, and/or permitted Plaintiff and Texas Class members to work while "off-the-clock";

vi. Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed "off-the-clock";

vii. Whether agreements existed between Plaintiff and Texas Class members concerning payment for work performed during unpaid meal breaks, and whether Defendants breached such agreements;

viii. Whether Defendants derived a benefit from the nurses being required to respond to the needs of patients during their unpaid meal periods pursuant to professional codes of conduct and hospital policies;

ix. Whether valuable services were rendered to Defendants by the Plaintiff and Texas Class members during unpaid meal break times, and whether Defendants accepted the benefit of Plaintiff's and Texas Class members' unpaid services;

x. Whether Defendants were unjustly enriched by Plaintiff's and Texas Class members' unpaid work; and

xi. The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

68. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Texas Class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the Texas Class members. Like the Texas Class members, Plaintiff worked as a nurse for Post Acute

in the class definition during the relevant time period. Like the Texas Class members, Plaintiff was subject to the identical company-wide policy requiring nursing staff to remain on duty during meal periods that are taken on-premises, and were subject to interruptions during such times. Like the Texas Class members, Plaintiff was subject to the same professional code of conduct and company policies requiring nurses to tend to the care of their patients even during the unpaid meal periods. The other facts outlined above likewise apply equally to both the Plaintiff and Texas Class members.

69.     Adequacy of Representation:  Plaintiff seeks declaratory relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Texas Class members and will prosecute the case vigorously on behalf of the Texas Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Texas Class members.

70.     Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Texas Class members is not practicable, and questions of law and fact common to the Texas Class predominate over any questions affecting only individual members of the Texas Class. Each proposed Texas Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

71.     In the alternative, the Texas Class may be certified because the prosecution of separate actions by the individual members of the Texas Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Texas Class which would establish incompatible standards of conduct for Defendants.

72.     If each individual Texas Class member was required to file an individual lawsuit, Defendants would necessary gain an unconscionable advantage because Defendants would be able

-14-

to exploit and overwhelm the limited resources of each member of the Texas Class with Defendants' vastly superior financial legal resources.

73.     Requiring each individual Texas Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Texas Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**COUNT ONE:**
**VIOLATIONS OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR**
**IMPROPER AUTOMATIC TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

74.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

75.     Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

76.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

77.     Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

78.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

79.     Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

80.     Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

81.     Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective and FLSA Class members' claims.

82.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

83.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**COUNT TWO:**
**VIOLATIONS OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION FOR "OFF-THE-CLOCK" WORK**
**(FLSA COLLECTIVE ACTION)**

84.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

85.     Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, monitoring patients, assisting hospital personnel, reviewing or completing charting, and restocking supplies.

86.     Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

87.     Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

88.     Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

89.     Defendants' failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

90.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

91.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

### COUNT THREE
### QUANTUM MERUIT
### FAILURE TO PAY OVERTIME
### (TEXAS CLASS ACTION)

92.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

93.     Plaintiff and Texas Class members performed valuable services for Defendants during their unpaid meal break periods.

94.     Plaintiff and Texas Class members performed valuable services while "off-the-clock" for which they were not compensated.

95.     These services had a reasonable value of no less than the agreed hourly rate.

96.     Defendants accepted and retained the benefit of Plaintiff's and Texas Class members' performance of these valuable services.

-17-

97.     No written contract exists between Plaintiff and Defendants, and Texas Class members and Defendants, regarding the provision of services during unpaid on-premises meal break periods.

98.     Defendants had reasonable notice and/or knowledge that Plaintiff and Texas Class members expected to be compensated for services rendered for Defendants.

99.     Defendants failed to pay Plaintiff and Texas Class members the reasonable value of the services performed during unpaid meal break periods and while "off-the-clock."

100.    Plaintiff and Texas Class members are entitled to recover damages under this claim for the last four years.

101.    Plaintiff and Texas Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 38.001.

## COUNT FOUR
## MONEY HAD AND RECEIVED
### (TEXAS CLASS ACTION)

102.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

103.    Defendants received money from its patients and their agents for the work performed by Plaintiff and Texas Class members during their unpaid on-premises meal breaks and while "off-the-clock," while Defendants refused to pay Plaintiff and Texas Class members for such work.

104.    Defendants hold money that in equity and good conscience belongs to Plaintiff and Texas Class members due to Defendants' refusal to pay Plaintiff and Texas Class members for all hours worked.

105.    Plaintiff and Texas Class members are entitled to recover damages under this claim.

106.    Plaintiff and Texas Class members are entitled to declaratory relief finding Defendants violated Texas law.

107.    Plaintiff and Texas Class members are entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

**COUNT FIVE**
**UNJUST ENRICHMENT**
**(TEXAS CLASS ACTION)**

108.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

109.      Defendants have been unjustly enriched at the expense of Plaintiff and Texas Class members by refusing to pay for work performed by Plaintiff and Texas Class members during unpaid meal periods and for work performed while "off-the-clock."

110.     Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and Texas Class members during unpaid on-premises meal periods and work performed while "off-the-clock," despite Defendants' policy and practice of failing to pay Plaintiff and Texas Class members for such work. In particular, Defendants received the benefit of the labor and services provided to Defendants' customers (patients) by the Plaintiff and Texas Class members.

111.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendants.

112.     It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and Texas Class members.

113.     Defendants should be ordered to disgorge those benefits to Plaintiff and the Texas Class.

114.     Plaintiffs are also entitled to declaratory relief finding Defendants violated Texas law.

115.     Plaintiff and Texas Class members are further entitled to attorney's fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

**RELIEF SOUGHT**

116.     Plaintiff and Collective members are entitled to recover their unpaid overtime wage compensation.

-19-

117.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b) and Texas Civil Practice and Remedies Code § 37.009 and § 38.001.

118.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

119.    Plaintiff and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

120.    Plaintiff and Texas Class members are entitled to recover damages flowing from the reasonable value of the services they provided, all monies held by Defendants that rightfully belong to Plaintiff and Texas Class members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorney's fees and costs, pre-judgment and post-judgment interest as provided by Texas law, and such other relief the Court deems fair and equitable.

121.    Plaintiff and Texas Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

## **JURY DEMAND**

122.    Plaintiff hereby requests a trial by jury.

## **PRAYER**

123.    For these reasons, Plaintiff and Collective and Class members respectfully request that judgment be entered in their favor awarding the following relief:

> i.   An order preventing Defendants from retaliating in any way against Plaintiff and any putative Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;
>
> ii.  An order designating this action as a collective action on behalf of the FLSA Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;
>
> iii. An order finding that Defendants violated the FLSA;

iv.  An order finding Defendants' violated the FLSA willfully;

v.  All unpaid wages due under the FLSA;

vi.  An equal amount as liquidated damages as allowed under the FLSA;

vii.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii.  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix.  An order finding that Defendants violated Texas law;

x.  All unpaid regular wages due under Texas law to the extent same does not duplicate regular wages due under the FLSA;

xi.  Disgorgement of Defendants' ill-gotten gains as described herein;

xii.  All attorneys' fees, costs and disbursements as provided by Texas law;

xiii.  Pre- and post-judgment interest as provided by Texas law; and

xiv.  Such other and further relief to which Plaintiff and Collective and Class members may be entitled at law or in equity.

Dated: December 18, 2018.

*/s/William M. Hogg*
William M. Hogg
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Tel: (713) 338-2560
Fax: (415) 421-7105
whogg@schneiderwallace.com

*Counsel for Plaintiff*

-21-

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com

*Lead Attorney for Plaintiff*