UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DEBRA DOLLERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 6:18-CV-00104 |
| | § | |
| POST ACUTE MEDICAL | § | |
| MANAGEMENT, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Rule 12(b)(6) Motion to Dismiss filed by the Defendants—Post Acute Medical Management, LLC, Post Acute Medical, LLC, and Post Acute Medical at Victoria, LLC. The Defendants argue that opt-in Plaintiffs Jackee Milton and Angela Webster's claims under the Fair Labor Standards Act (FLSA) are time-barred. Plaintiff Debra Dollery, on behalf of the two opt-in Plaintiffs, argues that the statute of limitations should be tolled. For the following reasons, the Court **DENIES** the Motion to Dismiss.

### I. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it

demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether "a complaint contains sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (cleaned up).

## II.   DISCUSSION

### A.   EVIDENCE CONSIDERED

The Defendants offer multiple arguments for why the two opt-in Plaintiffs' FLSA claims are time-barred. (Dkt. No. 132 at 3–4). As a threshold matter, they argue it is proper to raise statute of limitations arguments in a Rule 12(b)(6) motion. (*Id.* at 3).

Arguing that a claim is time-barred under the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). As a general rule, then, the statute of limitations is normally "an issue that must be resolved through discovery and summary judgment or trial." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc). This is because "a Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016); *accord Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 247 n.4 (5th Cir. 2017) ("Typically, at the 12(b)(6) stage, the court is confined to the complaint."). Thus, dismissal under Rule 12(b)(6) for a time-barred claim "is proper *only* where it is evident from the

2

complaint that the action is barred *and* the complaint fails to raise some basis for tolling." *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021) (cleaned up) (emphases added).

In fact, the Federal Rules of Civil Procedure make clear that a court *must* consider a Rule 12(b)(6) motion as a motion for summary judgment under Rule 56 *if* "matters outside the pleadings are presented to and not excluded by the court[.]" Fed. R. Civ. P. 12(d). So, if the Court considers evidence outside the pleadings, the Fifth Circuit will treat the Court's order as a ruling on summary judgment. *Magee v. Reed*, 912 F.3d 820, 823 (5th Cir. 2019) (per curiam).

The Defendants invite the Court to consider an affidavit when ruling on the Motion to Dismiss, but the Parties have shown no indication that they are prepared to proceed to summary judgment. Nor would it be appropriate given the posture of this case. *See, e.g.*, Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Court therefore declines to consider the affidavit.

B.  **WHETHER THE FLSA CLAIMS ARE TIME-BARRED**

Without extrinsic evidence, the Defendants must rely on the Complaint in support of their claim that the opt-in Plaintiffs' FLSA claims should be dismissed as time-barred.[1]

---

[1] A claim under the FLSA is normally subject to a two-year statute of limitations. 29 U.S.C. § 255(a). But an FLSA "cause of action arising out of a willful violation" has a three-year statute of limitations. *Id.*; *see also id.* § 256; *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016). Normally, an FLSA "action is commenced for the purposes of section 255 . . . on the date when the complaint is filed[.]" 29 U.S.C. § 256. But in the case of an opt-in plaintiff in a collective action who is *not* named in the complaint, the FLSA action is commenced for that opt-in plaintiff "on
(continue)

3

*See Acad. of Allergy & Asthma*, 998 F.3d at 200. Here, the Complaint was filed by Dollery "on behalf of herself and other similarly situated individuals who have worked for" the Defendants in various roles. (Dkt. No. 1 at 1). Neither opt-in Plaintiff is referenced in the Complaint. (Dkt. No. 1). This is because it was not until July 2020 that this Court granted the Parties' Joint Stipulation for Conditional Certification and Notice. (Dkt. No. 99). The order conditionally certified Dollery's FLSA claims under 29 U.S.C. § 216(b) and ordered notice of this case to putative collective members. (*Id.*). Milton then filed a consent form on January 7, 2021. (Dkt. No. 123 at 2); (Dkt. No. 123-1 at 26). Webster filed a consent form on February 8, 2021. (Dkt. No. 125); (Dkt. No. 125-1 at 2).

The Defendants have not provided authority for the proposition that the Court can consider the opt-in forms at the Rule 12(b)(6) stage. Indeed, it would make little sense to read an exception into the Fifth Circuit's clear instruction that a federal court, at the Rule 12(b)(6) stage, can *only* dismiss a claim as barred by the statute of limitations "where it is evident from *the complaint* that the action is barred and the complaint fails to raise some basis for tolling." *See Acad. of Allergy & Asthma*, 998 F.3d at 200 (cleaned up) (emphasis added). This is further consistent with the usual vehicle for resolving statute of limitations issues based on evidence outside the complaint—summary judgment.

---

the subsequent date on which such written consent is filed in the court in which the action was commenced." *Id.* § 256(b).

With only the Complaint to rely on, the Court concludes that it is not evident that the opt-in Plaintiffs' FLSA claims are time-barred.[2] Neither opt-in Plaintiff is referenced in the Complaint.

## III. CONCLUSION

Accordingly, the Court **DENIES** the Motion to Dismiss. (Dkt. No. 132).

It is SO ORDERED.

Signed on January 18, 2022.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See, e.g.*, *Martinez v. Superior Healthplan, Inc.*, No. SA-16-CA-870-XR, 2017 WL 10821037, at *2 (W.D. Tex. Sept. 26, 2017) (Rodriguez, J.).