United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DEBRA DOLLERY, § § Plaintiff, § § VS. § § POST ACUTE MEDICAL § MANAGEMENT, LLC, POST ACUTE § MEDICAL AT VICTORIA, LLC and § POST ACUTE MEDICAL, LLC, § § Defendants. § | Civil Case No. 6:18-CV-00104 |

## MEMORANDUM OPINION AND ORDER

This is an FLSA collective action filed in 2018.  Pending before the Court is Defendants' Motion to Compel Discovery Responses from Two Hundred and Eighteen (218) Nonresponsive Opt-in Plaintiffs.  (Dkt. No. 229).  For the following reasons, the Court **GRANTS** the Motion **IN PART**.

**I.    BACKGROUND**

In May 2023, after Defendants Post Acute Medical, LLC, Post Acute Medical Management, LLC, and Post Acute Medical at Victoria, LLC (collectively, "Post Acute") raised concerns about the low response rate by a random sample of opt-in Plaintiffs, the Court authorized limited discovery to assess how many were still active and interested in pursuing their case. (Dkt. No. 220).  By agreement, Defendants served discovery on the remaining non-sampled plaintiffs in eight staggered tranches between June 28, 2023, and October 4, 2023.  (Dkt. No. 229 at 3).  Due to a continued high non-response rate to the new discovery, Defendants sought leave to move to compel responses from the non-

responding opt-in Plaintiffs. (*See* Dkt. No. 229-1 at 8–59). At a pre-motion conference held on December 15, 2023, the Court orally granted Defendants' request and directed Plaintiffs to serve discovery responses by December 29, 2023. The Court cautioned that failure to respond would result in dismissal of the non-responsive Plaintiffs.[1]

Defendants filed the motion to compel on December 19, 2023, requesting dismissal of all nonresponsive Plaintiffs' claims. (Dkt. No. 229). On December 29, 2023—the discovery response deadline—Plaintiffs filed an amended response in partial opposition[2] wherein they requested that 42 of the non-responsive Plaintiffs not be dismissed. (Dkt. No. 231 at 1). More specifically, they asked that 29 individuals who submitted unverified discovery responses and 13 individuals who had recently indicated they wished to participate but had not actually provided written responses by the December 29, 2023, deadline not be dismissed. (*Id.*). Plaintiffs further requested that dismissal be without prejudice and that Defendants not be awarded expenses and fees. (*Id.* at 1–2). Defendants filed an amended reply,[3] (Dkt. No. 233), and the Motion is now ripe for review.

## II.   LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure deals with failure to make disclosures or to cooperate in discovery. "[A] party may move for an order compelling

---

[1] During the conference, the Parties verified that between the random sampling and the eight tranches, all opt-in Plaintiffs had been served with discovery.

[2] On this date, Plaintiffs filed both a response in partial opposition, (Dkt. No. 230), and amended response in partial opposition, (Dkt. No. 231). The Court refers only to the amended response.

[3] Defendants filed a reply on January 4, 2024, (Dkt. No. 232), and then an amended reply on January 5, 2024, (Dkt. No. 233). The Court refers only to the amended reply.

disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the Court grants the motion and orders discovery, and a party then fails to comply with the order, "the court where the action is pending may issue further just orders[,]" including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]f the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if . . . circumstances make an award of expenses unjust." *Id.*; *see also* Fed. R. Civ. P. 37(b)(2)(C).

### III. DISCUSSION

For noncompliance with discovery, "Rule 37(b)[2](A)(v) expressly contemplates dismissal, and the district court's discretion thereunder is broad." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). "Dismissal with prejudice is a severe sanction that implicates due process," *id.* (cleaned up), and "should be used . . . only under extreme circumstances." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quotation omitted); *see also Johnson v. Jones*, 794 F.App'x 400, 402 (5th Cir. 2019) (per curiam). As such,

> several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less

3

> drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F.App'x 289, 291 (5th Cir. 2008) (quoting *Conner*, 20 F.3d at 1380–81).

After weighing the foregoing factors, the Court finds that dismissal without prejudice is appropriate here. Plaintiffs' counsel has consistently maintained throughout the litigation that Plaintiffs are working class individuals whose work schedules and means pose difficulties in maintaining regular communication with their attorneys. (*See, e.g.*, Dkt. No. 231 at 5). Because of these impediments, Defendants agreed to serve discovery in tranches and to extend numerous deadlines. (*See* Dkt. No. 229 at 3). There is no indication that noncompliance has been in bad faith, and as a result, there would be no deterrent by dismissing with prejudice. Simply put, dismissal of the nonresponsive Plaintiffs without prejudice will address the discovery noncompliance.

Although the Court finds no ill will by Plaintiffs, there comes a time when a hard deadline must be imposed on the straggling, partially responding Plaintiffs, and the size of the collective must become certain. Therefore, Plaintiffs who have provided written unverified responses will not be dismissed provided their responses are verified by January 15, 2024.[4] Those who have not responded with verified responses by that date will be dismissed.

---

[4] In their amended reply, Defendants raised concerns regarding responses from four specific individuals. (Dkt. No. 233 at 4). Two individuals–Kimberly Pinckney and Lacey Montney–served unverified responses after the December 29, 2023, deadline and were not listed among the 42 individuals at issue in Plaintiffs' response who missed the discovery deadline but

(continue)

The Court further finds that an award of reasonable expenses and fees is not appropriate at this time.

## IV.     CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** the Motion, (Dkt. No. 229), **in part**. The Court will dismiss any of the 218 Plaintiffs who have failed to serve verified responses by January 15, 2024.

The Parties are **DIRECTED** to file a proposed order of dismissal no later than January 18, 2023, listing each Plaintiff who has failed comply.

It is SO ORDERED.

Signed on January 8, 2024.

                                                                              _____
                                                                              **DREW B. TIPTON**
                                                                              **UNITED STATES DISTRICT JUDGE**

---

still indicate a desire to participate. (*Id*.). Given the Court's stated objective to verify participation as opposed to penalize, and in keeping with the January 15, 2024, deadline to submit verified responses, these two individuals' claims will not be dismissed. The other two—Treshaun Brantley and Kimberly Knecht—are listed in Plaintiffs' response among the 42 individuals who still wish to participate but have not served verified responses. These individuals, however, withdrew their consent on October 10, 2023. (Dkt. No. 225 at 2). These two, having already withdrawn their consent, are no longer a part of this case and may not now submit discovery responses.

5